Nov. Term,
1851.

REINHARD *v.* KEITH.

REINHARD
v.
KEITH.

In a proceeding in foreign attachment, property of the absconding debtor must have been attached in the county where the writ of attachment was issued, or a person in that county summoned as a garnishee, before process can legally issue, under the R. S. 1843, to another county, against a garnishee resident therein.

To authorize a judgment by default in a proceeding in foreign attachment, against a garnishee served with process in, and being a resident of, another county than that in which the writ of attachment was issued, it is necessary, under the R. S. 1843, that property of the absconding debtor shall have been attached, or a garnishee served with process, in the latter county.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—*Isham Keith* took out a writ of foreign attachment against *Henry S.* and *Samuel M. Blachford.* This writ was issued by the clerk of the *Wayne* Circuit Court, on the 27th of *March,* 1847, was directed to the sheriff of *Wayne* county, and was afterwards returned, that the defendants had no property in that county.

Another writ of foreign attachment, in the same case, was issued by the clerk of said *Wayne* Circuit Court, on the 12th of *April,* 1847, directed to the sheriff of *Henry* county, which writ was afterwards returned levied on certain real estate.

On the 22d of *April,* 1847, a summons was issued by the clerk of said *Wayne* Circuit Court, directed to the sheriff of *Vigo* county. This summons commanded the sheriff, to whom it was directed, to summon *John Reinhard* to appear at the then next term of the *Wayne* Circuit Court, as garnishee in said attachment-suit, to answer such questions as should be put to him touching the property, &c., of said attachment-defendants in his possession. This summons against *Reinhard,* as garnishee, was, as shown by the return, duly executed by the sheriff of *Vigo* county, on the 29th of *April,* 1847.

At the *September* term, 1847, of said *Wayne* Circuit Court, an order of publication was made in said attachment-suit, and, at the same time, a default was entered against *Reinhard* as garnishee.

Saturday,
November 29.

VOL. III.—18

Nov. Term, 1851.

REINHARD v. KEITH.

At the *March* term, 1848, of said *Wayne* Circuit Court, judgment was rendered by default against the attachment-defendants for 270 dollars. There was, also, at the same term, a judgment by default rendered against *Reinhard*, as garnishee, for 450 dollars.

*Reinhard* has sued out this writ of error.

One of the objections made by *Reinhard* to the judgment against him is, that the summons in the case issued by the clerk of the *Wayne* Circuit Court, and directed to the sheriff of *Vigo* county, was not authorized by the statute.

The act relative to domestic attachments enacts, that when the estate to be attached is in different counties, or when the debtors or bailees of the absconding debtor reside in different counties, the jurisdiction of the Circuit Court shall extend to such counties, and sundry writs of attachment, and of process against garnishees, may be issued and executed in such counties. But no judgment shall be given against the estate of the absconding debtor, or against such garnishees, unless the writ of attachment shall have been executed on some property belonging to the absconding debtor, situate in the county where the suit was commenced, or unless process shall have been served upon some garnishee therein residing or found, by the officer executing such process. R. S. p. 765. There are similar provisions in the foreign attachment act. R. S. pp. 772, 774.

These acts do not authorize the proceeding in the present case against *Reinhard*. There was here no attachment of property in the county where the writ of attachment issued, nor was there any person in that county summoned as garnishee.

The plaintiff relies upon the following provision in the domestic attachment act, to-wit: "Proceedings may be had against the garnishee in all cases where the writ of attachment is returned 'no property found,' in like manner as if property of the debtor had been attached by virtue of such writ." R. S. p. 767. But that provision, supposing it to be applicable to foreign attachment suits,

has reference, we think, only to the summoning of a garnishee who is resident in the county where the attachment issued.

We are, therefore, of opinion that the summons in this case against *Reinhard* was issued without authority, and the judgment by default against him is erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. B. Gookins*, for the plaintiff.

*W. Henderson*, for the defendant.